UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY SNYDER,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

No. 15 C 1160

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Anthony Snyder initiated this action alleging that the City of Chicago violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, when the City refused to allow Snyder to become a cross-trained dual certified firefighter/paramedic (Dkt. 1 (Compl.) ¶¶ 12–13). The current discovery dispute involves two 30(b)(6) depositions which both occurred on October 20, 2016. On October 28, 2016, Plaintiff Anthony Snyder ("Snyder") filed a Renewed Motion For Discovery Sanctions and Additional Time to Resume a 30(b)(6) Deposition of a Knowledgeable City Designated Deponent. (Dkt. 40). The same day, Defendant City of Chicago (the "City") filed a Motion for Rule to Show Cause and Extend Time. (Dkt. 42).[1] Both of the Motions were referred by the District Court to the United States Magistrate Judge for resolution. For the reasons set forth below, both Motions are denied.

---

[1] The District Court previously granted the request for extension of deadlines (Dkt. 44).

# I. BACKGROUND

In his Complaint, Snyder alleges that the City's use of § 2-152-410(e) of the Municipal Code of the City of Chicago (hereafter, the "Ordinance") denies cross-over training to incumbent CFD paramedics like Snyder who are over 40 years of age. (Compl. ¶ 14). The City's "misappli[cation]" of the Ordinance, Synder claims, constitutes a subterfuge for age discrimination. (*Id.* ¶¶ 14, 17). The City denies liability and asserts two affirmative defenses—first, that the City is exempt from liability under the ADEA exemption in 29 U.S.C. § 623(j) and second, that Snyder's claims are time-barred based on the timing of his EEOC charge filing. (Dkt. 13).

The present Motions involve two 30(b)(6) witness depositions. Synder's Motion concerns Charles Stewart ("Stewart"), former First Deputy Fire Commissioner of the Chicago Fire Department, who was designated to testify on topic nos. 1, 2, 6, 7, and 8 of Synder's 30(b)(6) Deposition Rider. (Dkt. 55 at 2; Dkt. 55-1).[2] Synder contends that Stewart was not able to sufficiently answer questions regarding topic nos. 1 and 2. (Dkt. 40 at 3). Topic no. 1 seeks testimony on "the origin and reasons for the wording of § 2-152-410(e) of the Municipal Code of the City of Chicago at the time of its original enactment", which was enacted in 2000 and set an age limit of 35 for a firefighter or EMT. (Dkt. 55-1). Topic no. 2 seeks testimony on "the origin and reasons for the wording (including changes in the wording) of § 2-152-410(e) of the Municipal Code of the City of Chicago, as amended", which was amended in 2006 and increased the age limit to 38 for a firefighter or EMT. (Dkt. 55-1; Dkt. 40 at 3).

---

[2] Another City 30(b)(6) deponent, Curtis Hudson, previously testified on topic nos. 3, 4, and 5. (Dkt. 40 at 2; Dkt. 55 at 2).

The City's Motion argues that firefighter/paramedic Patrick Quane ("Quane"), the 30(b)(6) witness designated by Synder's union, Local 2 (the "Union"), was "not properly educated regarding the subjects in the City's subpoena." (Dkts. 42, 42-1). The City complains that Quane did not know: (1) whether the Union was aware of or had discussions with the City about the City's intention to create an age requirement for hiring firefighters in 2000; (2) whether the Union was aware of or had discussions with the City about the City altering that age requirement in 2006; (3) whether there were attempts to amend Section 16.4C of the City-Union Collective Bargaining Agreement; (4) about the Union's objection to Howard Wahl's cross-over; (5) about the Union's involvement in the *DiGiovanni* Arbitration; or (6) whether the Union monitored the litigation in *Brown v. King*. (Dkt. 42-1). These subjects relate to topic nos. 5-6 and 12-14 of the City's Deposition Rider. (Dkt. 50 at 4-5).

## II. DISCUSSION

### A. Applicable Law

District courts have broad discretion in supervising discovery. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012); *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). A court "may fashion a ruling appropriate for the circumstances of the case [and] is not limited to either compelling or not compelling a discovery request; in making its ruling, a district court should independently determine the proper course of discovery based

upon the arguments of the parties." *Gile v. United Airlines*, 95 F.3d 492, 496 (7th Cir. 1996).

The court's discretion over discovery includes deciding whether and how to sanction misconduct. *Hunt*, 680 F.3d at 780. The severity of any sanction should be proportional to the offense. *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). The court should take into account all of the circumstances and the procedural history of the case. *Long v. Steepro,* 213 F.3d 983, 986 (7th Cir. 2000). The court should also consider the prejudice caused by the discovery violation. *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 225 (7th Cir. 1992); *Jones v. Bremen High Sch. Dist. 228*, No. 08 C 3548, 2010 U.S. Dist. LEXIS 51312, at *30 (N.D. Ill. May 25, 2010). Civil contempt is "a severe remedy." *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 21 (7th Cir. 1977) (citations and quotations omitted). A litigant should not be held in contempt "unless it has violated an unambiguous command." *Widmar v. Sun Chem. Corp.*, No. 11 C 1818, 2012 U.S. Dist. LEXIS 68087, at *15 (N.D. Ill. May 16, 2012) (citing *Abbott Labs. v. Baxter Int'l*, 218 F. App'x 523, 525 (7th Cir. 2007)).

## B. The Parties' Motions

Each party complains of the other's discovery conduct. The Court finds both parties guilty of not complying with the discovery rules.[3] Further, issues regarding

---

[3] The depositions took place on October 20, 2016. On October 26, 2016, the City sent Synder a letter requesting a Rule 37 conference, and counsel exchanged some emails. Both parties filed the present Motions two days later, on October 28, 2016, without having seriously engaged in any meet and confer. (Dkts. 40, 42). A meet-and-confer might have avoided "undue delay and expense in the administration of justice" (L.R. 37.2), if the parties had seriously discussed Synder's suggestion that the parties "resume the 30(b)(6) deposition[s]" (Dkt. 45 at 2), or the City's plan to offer Stewart's

the scope or specificity of the topics should have been addressed *before* the depositions. The parties should have resolved the issues and if they could not, they should have sought a protective order from the Court. *Nieman v. Grange Mut. Ins. Co.*, No. 11-cv-3404, 2012 U.S. Dist. LEXIS 160753, at *4 (C.D. Ill. Nov. 9, 2012) ("The correct remedy if the corporation objects to [a Rule 30(b)(6)] notice is to seek a protective order."); *Clauss Constr. v. UChicago Argonne LLC*, No. 13-cv-05479, 2015 U.S. Dist. LEXIS 4131, at *2 (N.D. Ill. Jan. 13, 2015) (granting in part and denying in part motion for protective order concerning Rule 30(b)(6) deposition topics); F.R.C.P. 26(c). The relief requested in the parties' motions, however, is not proportional or appropriate for the circumstances of this case.

### *1. Snyder's Motion For Sanctions and Additional Time to Resume a 30(b)(6) Deposition*

Snyder complains that Stewart was not prepared and able to sufficiently testify about the origins and reasons for the 2000 and the 2006 City ordinances setting age maximums for firefighters and EMTs. The City responds that while the witness was prepared to testify about these topics, he was not asked the proper questions.

At the Stewart deposition, counsel for Snyder asked a number of questions about whether Stewart was personally consulted about the drafting of the Ordinance. (Dkt. 55). Probing Stewart's personal involvement in certain events is not the same as seeking information about the City's knowledge and perceptions.

---

testimony in the form of an affidavit (Dkt. 54-2 at 11-13). However, because both parties failed to fully comply with Federal Rule of Civil Procedure 37 and LR 37.2, the Court will not resolve the Motions based on these procedural violations. *See Nieman,* 2012 U.S. Dist. LEXIS 160753, at *4 ("The Court will not resolve the motion based on these violations since both parties violated the rules.").

*See Aldridge v. Lake Cty. Sheriff's Office*, No. 11 C 3041, 2012 U.S. Dist. LEXIS 102514, at *2 (N.D. Ill. July 24, 2012) (a 30(b)(6) witness "testifies vicariously, for the corporation, as to its knowledge and perceptions") (citations and quotations omitted). Synder's counsel also asked a number of questions about who drafted the Ordinance and whether former Mayor Daley and other individuals were interviewed about the Ordinance in preparation for the deposition. (Dkt. 55). Significantly, Stewart was not asked the reasons for the passing of the Ordinances.[4] Further, the City represents that Stewart was prepared to testify about the reason for the Ordinance and has submitted an affidavit containing the testimony Stewart would have provided had he been asked the relevant questions at the deposition. (Dkt. 54 at 3, 5, 7).

Snyder's argument that the City should be sanctioned for not properly preparing Stewart, particularly interviewing a host of former City employees to prepare Stewart for his deposition, is not persuasive. Rule 30(b)(6) does not promise a "perfect deponent." *EEOC v. Celadon Trucking Servs.*, No. 1:12-cv-275-SEB-TAB, 2013 U.S. Dist. LEXIS 156845, at *4 (S.D. Ind. Nov. 1, 2013); *see Meds. Co., LLC v. Mylan Inc.,* No. 11 C 1285, 2013 U.S. Dist. LEXIS 3517, at *14 (N.D. Ill. Jan. 9, 2013) ("Rule 30(b)(6) only requires a corporate witness to 'testify about information

---

[4] Snyder's counsel did not ask Stewart about the "origin and reasons for the wording" in the Ordinance or its amendment. Instead, counsel asked Stewart if he understood that the reason the firefighter EMT was added in 2006 was because the "licensure for EMT was being made a condition for employment for people coming in on the 2006 exam." (Dkt. 55 at 7). Snyder's counsel also asked Stewart: "who drafted the original ordinance and then the amended ordinance" (*id.*); "who was interviewed…about the knowledge of the origins of the ordinance" (*id*. at 8); "when did you first learn about…the original ordinance…"; "were you ever consulted about the drafting of that ordinance"; "Did you have any conversations or do you know who was involved in drafting the amendment to the age requirement…"; "were you ever consulted about an ordinance…" (*id*. at 9); "Do you know… the course [the ordinance] followed in getting to the city council…?" (*id*. at 15).

known or reasonably available to the organization,' not to arm its witnesses with information outside of its corporate knowledge."). In some cases, courts have required a 30(b)(6) witness to be educated by a former employee who has relevant information. *See Chi. Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 U.S. Dist. LEXIS 144243, at *15-16 (N.D. Ill. Dec. 15, 2011) ("It is not uncommon…that [a corporation] no longer employs individuals who have memory of a distant event or that such individuals are deceased. . . . These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.") (quotations and citations omitted). In other cases, courts have declined to impose sanctions for inability to produce a competent 30(b)(6) witness because of the passage of time and the fact that relevant records no longer exist. *Walden v. City of Chi.*, No. 04 C 47, 2007 U.S. Dist. LEXIS 7400, at *8-9 (N.D. Ill. Feb. 1, 2007).

Here, Snyder fails to articulate any reason for his belief that former Mayor Daley or any other former employee would have more knowledge than Stewart. It is undisputed that the City has produced all the pertinent documents on the issue. (Dkt. 28 at 3; Dkt. 40 at 2; Dkt 54 at 6). In addition, the City has recited its efforts, including speaking with numerous former employees, to identify the individual or individuals who drafted the Ordinance. The City represents that these efforts have been unsuccessful. (Dkt. 54 at 7-8). As stated, to answer Synder's question about the "origins and reasons" for the Ordinance, the City attached to its response

Stewart's sworn affidavit stating that it is his understanding that the City passed the Ordinance for the safety of its citizens and effectiveness of police and fire protection. (Dkt. 54-2 at 13). There is no basis to sanction the City or to extend the time for the 30(b)(6) deposition.

## *2. The City's Motion for Rule to Show Cause*

The City complains that Quane did not adequately answer whether the Union was aware of the City's intention to set the age requirement in 2000 and 2006. (Dkt. 42-1). Quane responded to questions related to deposition topic no. 5 about the Union's awareness of age requirement before May 17, 2000. Quane testified while he was not aware of whether the City informed the Union of its intention regarding age limits, he clarified that the City normally does not contact the Union on hiring because hiring is strictly done by the City, and so the issue would not been brought to the Union. (*Id*. at 30-31). Regarding topic no. 6, proposed amendments to Section 16.4C of the City-Union Collective Bargaining Agreement, Quane referred to notes of May 5, 2004, which had also been produced in discovery. (*Id*. at 32-33). When the City's attorney asked if Quane knew about any other proposed changes, other than those referenced in the May 5, 2004 notes, Quane responded that he did not. (*Id*. at 35). Quane answered many questions and even if he did not know the answer to every question, his testimony does not demonstrate that there is any basis to hold the Union in contempt.

In addition, similar to Synder's questioning of Stewart, the City asked Quane numerous questions about who he talked to and how he prepared for the deposition.

Page **8** of **10**

*Synder v. City of Chicago*, 15 C 1160

(*See* Dkt. 51 at 6-14). This line of questioning does not show that Quane and Stewart were not proper 30(b)(6) witnesses. *See Meds. Co., LLC*, 2013 U.S. Dist. LEXIS 3517, at *12 ("[R]ather than probe Dr. Selvaraj's knowledge on the designated topics, TMC's counsel asked broad, inconclusive questions about her preparation as it related to specific topic numbers…. Such minimal citation does not show that Dr. Selvaraj thwarted efforts by TMC to take full advantage of her as a Rule 30(b)(6) witness. Rather, TMC has merely highlighted a few lapses in Dr. Selvaraj's testimony in hopes of obtaining a proverbial second bite at the apple…").

Synder briefly objects to the relevance of the City's topic no. 14 (*Brown v. King*, 06 CH 6644) (Dkt. 45 at 9). The Court agrees that the topic is not relevant. Reviewing the other topics contained in the City's rider, several of them appear to be of dubious relevance. Rule 30(b)(6) discovery, like all discovery, must be relevant to a party's claim or defense. F.R.C.P. 26(b). This lack of relevance undoubtedly contributes to the City's failure to articulate any prejudice resulting from the allegedly insufficient testimony.

### III. CONCLUSION

The Court declines to award the relief requested by either party. The Court does not find that the conduct warrants contempt proceedings against the Union or rejecting any defense of the City or permitting Synder to depose a new 30(b)(6) witness. Significantly, neither party claims any prejudice. This case was filed in February 2015, and the parties have had more than sufficient time to complete discovery, as evidenced by the multiple extensions granted to the parties.

For the reasons discussed above, Defendant's Motion for Rule to Show Cause [42] is **DENIED** and Plaintiff's Renewed Motion for Discovery Sanctions and Additional Time to Resume a 30(b)(6) Deposition of a Knowledgeable City Designated Deponent [40] is **DENIED**.

E N T E R:

Dated: December 5, 2016

*/s/ Mary M. Rowland*

MARY M. ROWLAND
United States Magistrate Judge